**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-01691-REB-CBS

NORTHLAND INSURANCE COMPANY,

    Plaintiff,

v.

CHRISTINA RHODES, individually and on behalf of the Estate of David Bates, Deceased,
TIMASH INVESTMENTS, LLC, and
JOHN DOE, personal representative of Enoch Annor, Deceased,

    Defendants.

## ORDER DENYING MOTIONS FOR SUMMARY JUDGMENT

**Blackburn, J.**

The matters before me are (1) **Plaintiff Northland Insurance Company's Motion for Summary Judgment** [#44][1] filed April 1, 2010; (2) **Defendant Christina Rhodes', Individually and on Behalf of the Estates of David Bates, Motion for Summary Judgment** [#48] filed April 6, 2010; and (3) **Plaintiff Northland Insurance Company's Request for Oral Argument on Motions for Summary Judgment Filed by it and Christina Rhodes** [#61] filed May 13, 2010.  I have jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 (diversity of citizenship).  Having reviewed the motions and the apposite arguments, authorities, and evidence presented by the parties, it is apparent that there exist genuine issues of material fact that are not

---

[1] "[#44]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

appropriate for summary resolution.² Moreover, I find and conclude that oral argument would not be productive or efficacious in resolving the motions.³

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff Northland Insurance Company's Motion for Summary Judgment** [#44] filed April 1, 2010, is **DENIED**;

2. That **Defendant Christina Rhodes', Individually and on Behalf of the Estates of David Bates, Motion for Summary Judgment** [#48] filed April 6, 2010, is **DENIED**; and

3. That **Plaintiff Northland Insurance Company's Request for Oral Argument on Motions for Summary Judgment Filed by it and Christina Rhodes** [#61] filed May 13, 2010, is **DENIED**

Dated November 3, 2010, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge

---

² The mere fact that the parties have filed cross-motions for summary judgment does not indicate that summary judgment necessarily is proper. *See Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000); *James Barlow Family Ltd. Partnership v. David M. Munson, Inc.*, 132 F.3d 1316, 1319 (10th Cir. 1997). *See also Buell Cabinet Co. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979) ("Cross-motions for summary judgment are to be treated separately; the denial of one does not require the grant of another.").

³ The issues raised by and inherent to the cross-motions for summary judgment are fully briefed, obviating the necessity for evidentiary hearing or oral argument. Thus, the motions stand submitted on the briefs. *Cf.* **Fed. R. Civ. P. 56(c)** and **(d)**. *Geear v. Boulder Cmty. Hosp.*, 844 F.2d 764, 766 (10th Cir.1988) (holding that hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties).