**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 09-cv-01691-REB-CBS

NORTHLAND INSURANCE COMPANY,

    Plaintiff,

v.

CHRISTINA RHODES, individually and on behalf of the Estate of David Bates, Deceased,
TIMASH INVESTMENTS, LLC, and
SEBECY INVESTMENTS, LLC,

    Defendants.

**ORDER GRANTING MOTION FOR DEFAULT JUDGMENT
AND
PROVIDING FOR THE ENTRY OF DEFAULT JUDGMENT
PURSUANT TO FED. R. CIV. P. 55(B)(2)**

Blackburn, J.

    This matter is before me on **Plaintiff Northland Insurance Company's Motion for Default Judgment as to Timash Investments, LLC and Sebecy Investments, LLC** [#102][1] filed December 23, 2010.  I grant the motion and provide for the entry of default judgment under Fed. R. Civ. P. 55(b)(2) and 58(a).

    I have jurisdiction over this case pursuant to 28 U.S.C. § 1332 (diversity of citizenship).  Plaintiff duly served the First Amended Complaint on defendant Timash Investments, LLC, on July 22, 2009 (*see* **Return of Service** [#3]) and on its successor-in-interest, Sebecy Investments, LLC, on October 23, 2009 (*see* **Return of Service**

---

[1] "[#102]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[#21]) in accordance with Fed. R. Civ. P. 4(h)(1).  These defendants failed to answer or otherwise respond within the time permitted by law, and, thus, have admitted the factual allegations of the complaint other than those relating to damages.  **See FED. R. CIV. P.** 8(d); *see also Burlington Northern Railroad Co. v. Huddleston*, 94 F.3d 1413, 1415 (10th Cir. 1996).  Entry of default pursuant to Fed. R. Civ. P. 55(a) was made by the Clerk of the Court on November 27, 2009 [#29].  Thus, plaintiff is entitled to default judgment against these defendants pursuant to Fed. R. Civ. P. 55(b)(2).

On December 9, 2010, following a trial to the court, I entered my **Findings of Fact, Conclusions of Law, and Orders** [#101] in which, *inter alia*, I construed the policy of insurance issued by plaintiff to Timash Investments, LLC, as "exclud[ing] coverage for any liability of Timash Investments, LLC, to David Bates or his estate, personal representative, heirs, or devisees based on the accident of September 8, 2008."  (*Id.* at 21-22.)  By virtue of defendants' default, this order is binding on them as well.

**THEREFORE, IT IS ORDERED** as follows:

1. That **Plaintiff Northland Insurance Company's Motion for Default Judgment as to Timash Investments, LLC and Sebecy Investments, LLC** [#102] filed December 23, 2010, is **GRANTED**;

2. That pursuant to Fed. R. Civ. P. 55(b)(2), default judgment **SHALL BE ENTERED** in favor of plaintiff, Northland Insurance Company, against defendants, Timash Investments, LLC, and Sebecy Investments, LLC, on plaintiff's claim for declaratory relief;

3.  That defendants, Timash Investments, LLC, and Sebecy Investments, LLC, are **BOUND** by the **Findings of Fact, Conclusions of Law, and Orders** [#101] entered December 9, 2010; and

4.  That the clerk **SHALL ENTER** judgment as required by Fed. R. Civ. P. 58(a).

Dated February 7, 2011, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge